IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIRECTV, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 03 C 8453 |
| DION YARBOUGH, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff DirecTV is a provider of satellite television broadcasts. Plaintiff claims that defendant Dion Yarbough used illegal piracy devices to intercept its signal. Plaintiff has moved for summary judgment and defendant was provided an opportunity to respond to the motion. Defendant, who is represented by counsel, did not file any response.[1] Since defendant has not responded to the motion for summary judgment, all the facts contained in plaintiff's Local Rule 56.1 statement will be deemed to be admitted, but it still must be determined whether those facts support judgment as a matter of law.

---

[1] On March 31, 2005, plaintiff filed its motion for summary judgment. On April 13, 2005, defendant was granted until May 4, 2005 to file his answer. On May 17, 2005, defendant filed a reply noting there had been no answer. As of today's date, plaintiff had not filed either his answer or a motion for extension of time to file his answer.

Johnson v. Gudmundsson, 35 F.3d 1104, 1116 (7th Cir. 1994); Wienco, Inc. v. Katahn Associates, Inc., 965 F.2d 565, 567-68 (7th Cir. 1992); Herman v. City of Chicago, 870 F.2d 400, 404 (7th Cir. 1989). Although plaintiff has claimed violations of various federal statutes and the common law tort of conversion, plaintiff is satisfied to be awarded $10,000.00 statutory damages plus costs and attorneys fees for the violation of 18 U.S.C. § 2511(1)(a). Therefore, that is the only claim that need be considered.

The following facts set forth in plaintiff's Local Rule 56.1 Statement are taken as true. Via satellite, DirecTV provides television programming to residential and business customers on a subscription and pay-per-view basis. DirecTV's signal is encrypted (electronically scrambled) in order to provide security and prevent unauthorized viewing of its programming. A number of individuals and companies sell devices that illegally circumvent the encryption technology and thereby pirate DirecTV's programming. In August 2001, defendant purchased devices for pirating DirecTV's signal. At an address in Naperville, Illinois, defendant intentionally used the devices to obtain unauthorized accesses to DirecTV programming.

Unauthorized interception of satellite television signals violates § 2511(1)(a). United States v. Shriver, 989 F.2d 898, 901-02 (7th Cir. 1992); DirecTV, Inc. v. Vanderploeg, 2005 WL

497797 *2 (N.D. Ill. March 2, 2005); DirecTV, Inc. v. Borow, 2005 WL 43261 *5 (N.D. Ill. Jan. 6, 2005); DirecTV, Inc. v. Benson, 333 F. Supp. 2d 440, 449-56 (M.D.N.C. 2004). For violation of that statute, plaintiff is entitled to $10,000.00 statutory damages, plus reasonable attorneys fees and costs. 18 U.S.C. §§ 2520(b)(3), 2520(c)(2)(B); DirecTV Inc. v. Valenti, 2005 WL 1268721 *1 (E.D. Wis. May 19, 2005); DirecTV, Inc. v. Beecher, 296 F. Supp. 2d 937, 942 (S.D. Ind. 2003). A judgment will be entered in plaintiff's favor. Plaintiff shall submit its motion for fees and costs within the time permitted by Local Rule. See Loc. R. 54.1(a), 54.3(b).

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment [19] is granted. The Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant in the amount of $10,000.00 plus reasonable costs and attorneys fees.

ENTER:

*/s/ William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JUNE 15, 2005